### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**CAMRON D. IVY,**

       **Plaintiff,**

    **v.**                        **Civil Action 1:24-cv-570**
                                        **Judge Matthew W. McFarland**
                                        **Magistrate Judge Chelsey M. Vascura**

**LECI (LEBANON CORRECTIONAL
INSTITUTE),** *et al.*,

       **Defendants.**

### ORDER and REPORT AND RECOMMENDATION

Plaintiff, Cameron D. Ivy, an Ohio inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against several officers and employees of Lebanon Correctional Institution, alleging that they were deliberately indifferent to his medical needs and used excessive force in violation of the Eighth Amendment to the United States Constitution. (Compl., ECF No. 1.) On November 14, 2024, the undersigned granted Plaintiff's motion for leave to proceed *in forma pauperis*, but noted that Plaintiff's Complaint contains misjoined claims that advance unrelated allegations against several Defendants based on unrelated events that occurred at different times. The undersigned therefore ordered Plaintiff to file an amended complaint that complies with Federal Rule of Civil Procedure 20 within fourteen days. (ECF No. 5.) The November 14 Order further advised Plaintiff that if he failed to timely comply with the Order, the undersigned would conduct an initial screen under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) of Plaintiff's Eighth Amendment medical indifference and

excessive force claims against Officer Totty/Toddy[1] and sever and dismiss without prejudice his remaining claims. (*Id.*) Plaintiff has not filed an amended complaint and the time to do so has now expired. But Plaintiff commenced a second action in Case No. 1:24-cv-691, advancing a subset of the claims included in the Complaint in this action, and requested that the Court proceed with his claims against Officer Toddy in this action. (Case No. 1:24-cv-691, ECF No. 1, PAGEID #10.) Accordingly, all claims in this action, except Plaintiff's Eighth Amendment medical indifference and excessive force claims against Officer Toddy, are **SEVERED and DISMISSED WITHOUT PREJUDICE** to pursuing them in separate actions.

The Court now turns to the initial screen of Plaintiff's Eighth Amendment medical indifference and excessive force claims against Officer Toddy, under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

## I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

---

[1] Plaintiff refers to this Defendant in the Complaint as both "Totty" and "Toddy." For simplicity, the undersigned refers to this Defendant as "Toddy" throughout this Order and Report and Recommendation.

filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,
> the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte*

dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

upon determination that the action fails to state a claim upon which relief may be granted. *See*

*also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action

in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion

of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be

granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must

satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).

*See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil

Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under

Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank, F.S.B.*,

727 F.3d 502, 503 (6th Cir. 2013).

3

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.     ANALYSIS

Plaintiff alleges that on February 21, 2024, Defendant Officer Toddy prevented Plaintiff from obtaining needed post-surgery pain medication and used excessive force when damaging the splint and ripping the surgical stitches on Plaintiff's hand. Plaintiff was then placed in restricted housing and denied medical attention for two days. (Compl. 5–8, ECF No. 1.) Plaintiff seeks compensatory and punitive damages. (*Id.* at 12.)

Having performed the initial screen under §§ 1915(e)(2) and 1915A(b), Plaintiff may proceed on his individual-capacity Eighth Amendment excessive force and medical indifference

claims against Defendant Toddy for compensatory and punitive damages. But Plaintiff's official-capacity claims must be dismissed.

Plaintiff does not specify whether he intends to sue Defendant Toddy in his individual or official capacity. To the extent that he advances official-capacity claims for money damages, those claims must be dismissed under the doctrine of sovereign immunity. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). A suit against a state official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office," and is therefore "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit, (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citation omitted). None of these exceptions apply to Plaintiff's Complaint. First, "Ohio has not waived sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Second, "Section 1983 does not abrogate Eleventh Amendment immunity." *Boler*, 865 F.3d at 410 (citing *Will*, 491 U.S. at 66). Third, the *Ex Parte Young* doctrine applies only when a plaintiff brings "claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler*, 865 F.3d at 412. Plaintiff's claims for compensatory and punitive damages fall outside the scope of *Ex Parte Young*. Accordingly, any official-capacity claims that Plaintiff advances against Defendant Toddy must be dismissed.

5

### III.    DISPOSITION

For the reasons above, all claims in this action, except Plaintiff's Eighth Amendment medical indifference and excessive force claims against Officer Toddy, are **SEVERED and DISMISSED WITHOUT PREJUDICE** to pursuing them in separate actions. Plaintiff is **ORDERED** to list 1:24-cv-570 as a related case if he elects to file additional actions.

Plaintiff **MAY PROCEED** in this case on his individual-capacity Eighth Amendment excessive force and medical indifference claims against Defendant Toddy for compensatory and punitive damages, but it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's official-capacity claims under §§ 1915(e)(2) and 1915A(b) for failure to state a claim upon which relief may be granted.

If Plaintiff wishes to have the United States Marshal effect service of the summons and Complaint on Defendant Toddy, Plaintiff is **DIRECTED** to file a completed summons form (Form AO-440) and a service of process by U.S. Marshal form (Form USM-285). If Plaintiff does do, the Clerk is **DIRECTED** to issue the summons and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendant Toddy the issued summons, a copy of the Complaint, and a copy of this Order and Report and Recommendation.

### <u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept,

6

reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE